IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Devon Michael Ford, ) | Case No.: 8:25-cv-0593-JD-WSB |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Levern Cohen, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge William S. Brown (DE 21), issued pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Report recommends granting Respondent's Motion for Summary Judgment (DE 10) and denying Petitioner Devon Michael Ford's ("Petitioner") petition for writ of habeas corpus under 28 U.S.C. § 2254 (the "Petition") (DE 1).[1] Petitioner filed timely objections to the Report (DE 22), and Respondent filed a reply to the objections (DE 23). Accordingly, the matter is ripe for disposition.

**A.    Background**

The Report accurately outlines the relevant facts and legal standards, which the Court incorporates herein by reference. A brief summary is provided for context.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Petitioner is a state inmate in the custody of the South Carolina Department of Corrections serving sentences imposed in the Spartanburg County Court of General Sessions following convictions for murder and assault and battery with intent to kill. (DE 1 at 1–2.) On January 31, 2025, Petitioner, through counsel, filed the present Petition under 28 U.S.C. § 2254 asserting a single ground for relief premised on newly discovered evidence and alleging that the state courts' denial of post-conviction relief rested on an unreasonable determination of the facts in violation of 28 U.S.C. § 2254(d). (DE 1 at 16–20.) The Fourth Circuit previously authorized Petitioner to file a successive petition pursuant to 28 U.S.C. § 2244(b)(2)(B). (DE 1-1.)

Following service, Respondent filed a Return and Memorandum in Support of Summary Judgment and a Motion for Summary Judgment on May 27, 2025. (DE 9; DE 10.) Petitioner filed a Response in Opposition on July 9, 2025 (DE 15), and Respondent filed a Reply on July 21, 2025 (DE 19).

## B.    Report and Recommendation

On December 19, 2025, the Magistrate Judge issued the Report recommending that Respondent's Motion for Summary Judgment be granted and the Petition denied. (DE 21.) The Report found, among other things, that

- the Petition is time-barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d), and

- that Petitioner has not satisfied the "actual innocence" gateway recognized in *Schlup v. Delo*, 513 U.S. 298 (1995), and *McQuiggin v. Perkins*, 569 U.S. 383 (2013), to excuse the untimeliness.

(DE 21 at 12–19.) The Report also determined that, even if the limitations period were not dispositive, Petitioner's claim fails on the merits because the state post-conviction court's denial of relief was not based on an unreasonable determination of the facts under 28 U.S.C. § 2254(d)(2). (*Id.* at 19–28.) Finally, the Report concluded that to the extent Petitioner relies on previously litigated issues related to forensic ballistics evidence, those arguments exceed the scope of the Fourth Circuit's authorization to file a successive petition pursuant to 28 U.S.C. § 2244(b). (*Id.* at 28–30.)

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate

judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**D.    Petitioner's Objections**

Petitioner filed timely objections to the Report and Recommendation. (DE 22.)[2] The Court has conducted a de novo review of those portions of the Report to which specific objections were made, in light of the record and applicable law. For the reasons set forth below, the Court finds that Petitioner's objections do not identify any error warranting rejection or modification of the Report.

### 1.    Objection to the Statute of Limitations Analysis and Application of § 2244(d)(1)(D)

Petitioner first objects to the Magistrate Judge's conclusion that the Petition is untimely under 28 U.S.C. § 2244(d). (DE 22 at 2–3.) Petitioner contends that the one-year limitations period should run from "the date on which the factual predicate of the claim … could have been discovered through the exercise of due diligence," § 2244(d)(1)(D), asserting that the recantation affidavit of Jonathan Martin constitutes newly discovered evidence that could not reasonably have been uncovered prior to Petitioner's guilty plea or earlier collateral proceedings. (*Id.* at 2.) Petitioner argues in particular that coercion-based false identifications are inherently undiscoverable unless and until the witness voluntarily recants. (*Id.* at 2.)

The Court agrees with the Report that Petitioner has not demonstrated grounds for applying § 2244(d)(1)(D). As the Magistrate Judge correctly observed,

---

[2]    Respondent has submitted a reply to the objections. (DE 23.)

Petitioner's convictions became final in 2007, and the present Petition—filed in 2025—was submitted well outside AEDPA's one-year limitations period measured under § 2244(d)(1)(A). (DE 21 at 14–16.)

Nor has Petitioner shown that the factual predicate of his claim could not have been discovered earlier through the exercise of due diligence. Section 2244(d)(1)(D) does not turn on when a witness becomes willing to disclose information, nor does it recognize a categorical exception for claims predicated on alleged coercion. Rather, the statute asks when the factual predicate of the claim could have been discovered through reasonable diligence. *See McQuiggin v. Perkins*, 569 U.S. 383, 388–89 (2013). The state post-conviction court determined that the substance of Martin's recantation—including the identity of the witness, the alleged pressure surrounding his prior statements, and the factual circumstances of the offense—was discoverable earlier, even if Martin did not choose to recant until years later. (DE 21 at 22 quoting DE 9–5 at 94–95.) That determination reflects an assessment of discoverability grounded in the record, not a refusal to acknowledge the possibility of coercion.

Petitioner's objections largely reassert disagreement with the state court's assessment, but disagreement is insufficient. Under AEDPA, the question is not whether this Court might have reached a different conclusion in the first instance, but whether the state court's determination was objectively unreasonable. 28 U.S.C. § 2254(d)(2). Petitioner has not identified record evidence establishing that the factual predicate of his claim could not have been discovered earlier through the exercise of due diligence, nor has he shown that the state court's contrary conclusion

was unreasonable. The Court therefore finds no error in the Report's statute-of-limitations analysis.

## 2. Objection to the Rejection of the Actual Innocence Gateway

Petitioner next objects that, even if the Petition is untimely, the Magistrate Judge misapplied the actual innocence gateway recognized in *Schlup v. Delo*, 513 U.S. 298 (1995), and *McQuiggin v. Perkins*, 569 U.S. 383 (2013). (DE 22 at 2–3.) Petitioner asserts that the Report improperly resolved credibility questions at the threshold and failed to conduct the holistic review of the evidence required by *Schlup*. (*Id.* at 3.)

The Court disagrees. To invoke the actual innocence gateway, a petitioner must present "new reliable evidence" and show that, in light of all the evidence—old and new, incriminating and exculpatory—it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 327–29; *McQuiggin*, 569 U.S. at 386. This is a demanding standard, and tenable gateway claims are rare.

Contrary to Petitioner's characterization, *Schlup* does not require a habeas court to assume the truth of newly presented evidence. Rather, the court must assess the probable reliability of that evidence, taking into account factors such as timing, consistency, and credibility. *Schlup*, 513 U.S. at 332; *McQuiggin*, 569 U.S. at 399–400. Where, as here, a state post-conviction court has conducted an evidentiary hearing and made explicit credibility findings regarding the proffered new evidence, those findings are relevant to—and properly inform—the gateway analysis.

6

The Report carefully recounted the PCR court's adverse credibility determinations concerning Martin's recantation and explained why those determinations were not based on an unreasonable assessment of the evidence. (DE 21.) Federal habeas courts are not free to disregard such findings or to conduct a de novo reassessment of witness credibility. *See Sharpe v. Bell,* 593 F.3d 372, 378–80 (4th Cir. 2010). Petitioner's objections dispute the weight and credibility assigned to Martin's recantation, but they do not demonstrate that the state court's evaluation was objectively unreasonable.

The Court further agrees with the Report that the ballistics evidence on which Petitioner relies, while considered as part of the overall evidentiary landscape, does not alter this conclusion. That evidence was known at the time of the plea and earlier proceedings and, even when viewed alongside the recantation, does not establish that no reasonable juror would have convicted Petitioner. Having considered all of the evidence in combination, the Court concludes that Petitioner has not satisfied the stringent *Schlup* standard, and therefore, has not shown grounds to excuse the untimeliness of the Petition.

### 3.    Objection to Deference Afforded to the State PCR Court's Fact-Finding

Petitioner next objects that the Magistrate Judge afforded unwarranted deference to the state post-conviction court's credibility and factual findings, asserting that those findings were speculative, contradicted by the record, and adopted verbatim from the State's proposed order. (DE 22 at 4–6.)

The Court finds no error. Credibility determinations made by a state court after a developed evidentiary hearing are entitled to deference under 28 U.S.C. §§ 2254(d)(2) and 2254(e)(1). A federal habeas court may not reweigh the evidence or substitute its judgment for that of the state court simply because the petitioner advances an alternative interpretation of the record. *See Sharpe v. Bell*, 593 F.3d at 378–79.

Here, the PCR court drew inferences from the timing of the recantation, the surrounding circumstances, and the testimonial record before it. While those inferences may be debatable, they were grounded in record evidence and do not amount to objectively unreasonable fact-finding. Moreover, the verbatim adoption of a proposed order, without more, does not render the decision constitutionally infirm absent a showing that the findings themselves are unsupported or unreasonable. Petitioner has not made that showing.

Accordingly, the Court concludes that Petitioner has failed to demonstrate that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented.

### 4. Objection Concerning the Scope of the Fourth Circuit's Successive-Petition Authorization

Finally, Petitioner objects to the Report's conclusion that his reliance on certain ballistics evidence exceeds the scope of the Fourth Circuit's authorization permitting a successive petition. (DE 22 at 6–7.) Petitioner argues that he invokes the ballistics evidence only as corroboration of Martin's recantation, not as a freestanding or previously litigated claim.

The Court agrees with the Magistrate Judge that the successive authorization was limited to claims relying on newly discovered evidence related to Martin's recantation. While the Court may consider previously known evidence as background or context in assessing the reliability of the asserted new factual predicate, § 2244(b) does not permit a petitioner to reintroduce or revive earlier claims by recasting them as corroborative evidence. The Report did not exclude the ballistics evidence from consideration altogether, but correctly concluded that it could not expand the scope of the authorized successive claim or independently warrant relief.

Having conducted the required de novo review, the Court finds that Petitioner's objections do not identify any basis to reject or modify the Report and Recommendation. The objections reflect disagreement with the state courts' findings and the Magistrate Judge's application of AEDPA, but they do not establish legal or factual error under the governing standards.

### E.    Conclusion

Accordingly, after a thorough review of the Report and Recommendation, Petitioner's objections, the relevant filings, and the applicable law, the Court adopts the Report (DE 21) in its entirety and incorporates it herein by reference. Respondent's Motion for Summary Judgment (DE 10) is, therefore, granted, and the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (DE 1) is denied.

Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

9

**IT IS SO ORDERED**.

*/s/ Joseph Dawson, III*
Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 30, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.